Pearson, J.
It is unnecessary to decide, whether the negroes had been levied on or not, for, we think, as the execution issued without her consent, Ann Smith had a right to call it in and discharge the levy, if it had been made. She was under no obligation to allow an execu *372 tion to be taken out in her name, for the purpose of selling negroes, held by her as trustee. Indeed, she could, not do so in good faith to Mrs. Shakleford, the cestui que trust. All that the plaintiff, as surety, had a right to ask* under the circumstances, was the benefit of having the control of the judgment, provided he paid up the debt, and this he failed to do.
The plaintiff has not made a case, coming within the well settled principle, that a surety is entitled to the benefit of all the securities for the debt, which the creditor obtains ; and if the creditor releases any such security, the surety is discharged in Equity, to the extent of the security, so released.
Upon the other ground, it is clear, that Shakleford is entitled to a life estate in the fund ; the plaintiff, as surety, is entitled to have the benefit of it.
The proceedings in bankruptcy did not transfer the life estate of Shakleford to the assignee for the benefit of his creditors; for, as to his life estate in the $1014 33, that being in the hands of Ann Smith she was entitled to it, as security for the balance of the debt, and the plaintiff, as surety, if he pays the said balance, becomes thereby entitled to the security. And, as to the life estate to which Shakleford will be entitled in the balance of the debt when paid, the surety, who pays the debt, is entitled to it.
There must be a reference to the Clerk to enquire, whether the whole sum, for which the plaintiff was the surety of Shakleford, or one third, or any part thereof, belonged to' Shakleford and wife,’as the proceeds of the sale of Mrs. Shaklefovd’s real estate.
Per Curiam,-
Ordered accordingly.